IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14029-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DERRICK COOPER, a/k/a "Coop" a/k/a "Blackboy,"
and DESHONE STACY, a/k/a "Bert,"

    Defendants.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE OF JUROR MISCONDUCT AND MOTION FOR POST-TRIAL JUROR INTERVIEW

THIS CAUSE came before the Court upon Defendant Cooper's Motion for New Trial Based on Newly Discovered Evidence of Juror Misconduct and Motion for Post-Trial Juror Interview (DE # 211). Defendant Deshone Stacy filed a Motion to Adopt Co-Defendant, Cooper's Motion for New Trial Based on Newly Discovered Evidence of Juror Misconduct and Motion for Post-Trial Juror Interview (DE # 213). Plaintiff filed the Government's Reply in Opposition to Defendants' Motion for New Trial (DE # 232). No reply was filed, and the time for filing such replies has expired. After the deadlines for replies, Defendant Cooper filed an Affidavit by Ms. Charlene Allen.

UPON CONSIDERATION of the motion, and being otherwise fully advised in the premises, the Court enters the following Order.

I.     **Background**

Defendants have been convicted, following a four-day jury trial, of conspiracy to possess with intent to distribute in excess of fifty grams of crack cocaine. Three days prior to sentencing, Defendant Cooper filed this motion for a new trial on the basis of juror misconduct. Defendant Cooper, and by adoption, Defendant Stacy, claim that one of the jurors on the case, Mr. Derrick Johnson, lied to the Court by failing to inform the Court of his connections to Defendant Cooper. Def. Mot. at 1.

Juror Johnson was questioned by the Court, along with the other prospective jurors, during *voir dire*. Johnson said that he had a vague recollection of reading newspaper articles about the case, but nothing that would affect his ability to be a fair and impartial juror, and did not indicate that he knew "any of the parties to the case either socially, professionally, but acquaintance, reputation, either the prosecutor or the agents or the defense attorneys or the defendants from any source." Tr. at 9-10. Johnson also remained silent when the question was raised if any prospective jurors had "been involved in any court in a criminal matter that concerned [himself] either as a defendant, a victim or a witness." Id. at 17-18. After Johnson was accepted to the jury, he was questioned again regarding his criminal history, and admitted he had been convicted of battery, a misdemeanor. Counsel for Defendant Stacy also questioned Johnson in an attempt to rehabilitate him and keep him on the panel. The Government moved to dismiss Johnson as a juror, and that motion was denied by this Court.

Shortly after this round of questioning, the Government became aware of the possibility that Johnson knew the Defendants. The Government swiftly brought this issue to the attention of the Court and to the Defendants. The Defendants objected to questioning Johnson on this matter. Johnson was not questioned any further, and the trial continued.

After a four-day trial and a day of deliberations, the jury found both Defendants guilty on all counts. This verdict was amply supported by the evidence. In the instant motion, Defendants claim that Johnson may have had a relationship with Charlene Allen, who once had a relationship with Defendant Cooper, and may be related to Charles Johnson, a person implicated by Defendant Cooper in certain cocaine transactions. In the subsequent Affidavit (DE # 236), Charlene Allen stated that Johnson, the juror, was the same man with whom she had a relationship while Defendant Cooper was in jail and that Johnson was aware of her prior relationship with Cooper.

## II.   Standard

The Sixth Amendment guarantees the right to trial by an impartial jury, one "capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217 (1982). A new trial is required when the Defendants "demonstrate that a juror failed to answer honestly a material question on voir dire and then further show that a correct response would have provided a valid basis for cause." McDonough Power Equpt., Inc. v. Greenwood, 464 U.S. 548, 556 (1984).

However, "a defendant cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct." United States v. Jones, 597 F.2d 485, 588 n. 3 (5th Cir. 1979).[1] A motion for a new trial due to juror misconduct is equivalent to a motion for a new trial due to newly discovered evidence. United States v. Bolinger, 837 F.2d 436, 439 (11th

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

Cir. 1988) cert. denied, De La Fuente v. United States, 486 U.S. 1009 (1988). A defendant must show that evidence of the juror's misconduct was not discovered until after the verdict was delivered. Id. Accordingly, "where the defendant or defense counsel knows of juror misconduct or bias before the verdict is returned but fails to share this knowledge with the court until after the verdict is announced, the misconduct may not be raised as a ground for a new trial." Id.; see also United States v. Edwards, 696 F.2d 1277, 1282 (11th Cir. 1983), cert. denied, 461 U.S. 909 (1984) (no abuse of discretion in refusing to interrogate jury about alleged juror misconduct where defendant waited to hear the verdict before contesting jury's impartiality).

### III.  Discussion

Here, as in United States v. Bolinger, the Defendants knew about the allegations that Johnson had a relationship with Allen and kept it from the Court before the verdict was rendered. The Government brought it to the Defendants' attention that Johnson may have known the Defendants, and they declined to pursue the matter. To allow them to ignore this issue until the verdict was delivered and later raise this claim of juror misconduct in their defense would be to grant them two bites at the proverbial apple, and is accordingly fatal to their motion.

As to Defendants' assertion that Johnson may be related to the Charles Johnson mentioned in Defendant Cooper's testimony, Defendants do not allege when they came by this information, nor do they supply support for their claim. The only evidence suggested by the Motion to support this claim is that both have the last name Johnson. The Eleventh Circuit has held that "[t]o justify a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show 'clear, strong, substantial and incontrovertible evidence . . . that a specific non-speculative impropriety has occurred." United States v. Cuthel, 903 F.2d 1381,

1382 (11th Cir. 1990)(quoting United States v. Ianniello, 866 F.2d 540, 543 (2nd Cir. 1989) internal quotation marks omitted).  Sharing a surname as common as Johnson is hardly clear, strong, substantial, or incontrovertible evidence.  Defendants have failed to meet this burden with regard to their assertion that Juror Johnson is related to Charles Johnson.

IV. **Conclusion**

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Cooper's Motion for New Trial Based on Newly Discovered Evidence of Juror Misconduct and Motion for Post-Trial Juror Interview (DE # 211) adopted by Defendant Deshone Stacy is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record