UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14029-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

   Plaintiff,

v.

DERRICK COOPER,

   Defendant.
_____/

FILED by _____ D.C.

JUN - 7 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON
DEFENDANT COOPER'S SECOND MOTION FOR NEW TRIAL [D.E. #322]
AND DEFENDANT COOPER'S THIRD MOTION FOR NEW TRIAL [D.E. #358]**

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions, the government's response and any replies that counsel for the Defendant Cooper has filed and the attachments thereto, and this Court otherwise being advised in the premises makes the following recommendations to the District Court.

   1.   The Defendant was convicted by a jury of possession with intent to distribute fifty grams or more of crack cocaine and conspiracy to possess with intent to distribute fifty grams or more of crack cocaine. This Court notes that the Defendant has previously filed a Motion For New Trial alleging juror misconduct on the part of a juror named Derrick Johnson. The previous Motion For New Trial alleged that based upon newly discovered evidence of juror misconduct, the Defendant Cooper was entitled to a new trial and to have an interview of the juror in question. Judge Moore denied the Motion For New Trial pursuant to Order dated May 21, 2007 [D.E. #237] and in that Order specifically stated that

during the trial, it was brought to the Court's attention by the government that juror Johnson knew the Defendant and his co-defendant in this case. The government alleged that juror Johnson had failed to bring this to the attention of the Court during voir dire. As Judge Moore's Order indicates, the Defendant objected to questioning juror Johnson in respect to that matter and objected to juror Johnson being stricken from the panel which had already been accepted. Therefore, Judge Moore denied the government's request at the time of trial.

2. Judge Moore's Order of May 21, 2007 goes on to state that "this verdict was amply supported by the evidence." His Order goes on to state that the Defendant's Motion For New Trial alleged that an ex-girlfriend of the Defendant by the name of Charlene Allen, had dated juror Johnson while the Defendant was in prison. The Defendant alleged in his first Motion For New Trial that this relationship was not brought to the attention of the Court by juror Johnson.

3. Judge Moore denied the Defendant's first Motion For New Trial and for juror interview. He stated that the affidavits and allegations submitted in support of the Defendant's claim of juror misconduct based upon allegations that juror Johnson dated the Defendant's ex-girlfriend and that juror Johnson knew the Defendant were not supported by the record. Judge Moore pointed out that a defendant cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct. Judge Moore referenced the fact that the Defendant knew about the allegations that juror Johnson had a relationship with an ex-girlfriend of the Defendant and kept it from the Court. Also, Judge Moore references the Defendant's vehement objection to the

government's attempt to strike juror Johnson based upon information that juror Johnson knew the Defendant. As Judge Moore indicated in that Order, it was only after a guilty verdict was returned that the Defendant now wanted to raise these issues concerning alleged juror misconduct. Judge Moore pointed out that the Defendant did not meet his burden in respect to challenging the verdict based upon knowing juror Johnson and/or the fact that an ex-girlfriend had dated juror Johnson in the past.

4. The Defendant filed a Motion For Reconsideration of Judge Moore's previous Order. On June 8, 2007, Judge Moore entered an Order denying the Motion For Reconsideration [D.E. #243] and once again stated "This verdict was amply supported by the evidence." Judge Moore's Order referenced that the Defendant does not dispute that he had been made aware of the allegations that juror Johnson knew the Defendant before the verdict was announced and that only after he was found guilty, did the Defendant attempt to object to juror Johnson's presence on the jury and/or juror Johnson's relationship with the Defendant's ex-girlfriend Allen.

5. This Court references these two previous Orders since the Eleventh Circuit Court of Appeals also found in its order affirming the Defendant's conviction that Judge Moore's Orders denying the post-trial motions for new trial and reconsideration were to be upheld. The Eleventh Circuit in its opinion utilized the same language which Judge Moore did in stating that the Defendant cannot learn of juror misconduct, gamble on a favorable verdict by remaining silent and then complain in a post-verdict motion after he is convicted. The Eleventh Circuit went on to state that Judge Moore did not abuse his discretion in denying the Defendant's motion for post-trial juror interview and new trial. The Eleventh Circuit also stated that the allegations of misconduct did not include specific information

about how the juror purportedly knew the Defendant and that the record reflected that the Defendant did not exercise due diligence in pursuing these issues before being found guilty.

6. This Court references these previous opinions because the Defendant in his Second Motion For New Trial once again alleges the purported relationship between juror Johnson and an ex-girlfriend of the Defendant named Allen. This Court is not going to address that ground from the Second Motion For New Trial since it has already been ruled upon by Judge Moore twice and affirmed by the Eleventh Circuit in its opinion.

7. The remaining grounds set forth in the Second Motion For New Trial allege that juror Johnson was friends with a witness named Williams and that there were affidavits submitted by individuals who attest to the fact that juror Johnson knew this witness Williams who testified at the Defendant's trial. However, there does not appear to be anything in these affidavits or in the record which would even suggest that the nature of this relationship between juror Johnson and the witness Williams in any way, shape or form influenced juror Johnson and/or any of the other jurors in reaching their verdict in this case.

8. Once again, this Court cannot ignore Judge Moore's specific statements in his previous Orders that there was ample evidence to support the verdict in this matter in which the jury found the Defendant to be guilty. The allegations in the second motion are not specific and are mere speculation. It would not be unusual in a small community like Fort Pierce for individuals who serve on juries to know the parties or witnesses in the case. There is nothing in the motion which would indicate that the fact that juror Johnson may or may not have known any witness in this case improperly influenced his verdict or the verdict of the jury as a whole.

9. In the Third Motion For New Trial, the Defendant alleges by way of affidavit that an individual in FDC, Miami named Brayboy executed an affidavit and stated that while Brayboy was in FDC, Miami, that he encountered an individual by the name of Ferguson who was a witness against the Defendant in this case. The affidavit suggests that Ferguson told Brayboy that he lied during the trial and was provided information about the Defendant through the prosecutor and others. As the government's response indicates, Ferguson was not the only witness against the Defendant in this case. There was ample evidence to support the verdict even if one accepted the allegations of Brayboy's affidavit, which this Court does not.

10. The government was able to obtain a copy of an Order entered by Judge Marra in an unrelated matter in which Brayboy was seeking to vacate and/or withdraw his guilty plea (Case No. 06-60357-CR-MARRA). As Judge Marra's Order of February 5, 2008 indicates, Brayboy had entered his guilty plea pursuant to a written plea agreement before Judge Marra. It was only after Brayboy was due to be sentenced that he alleged that he was unhappy with the services of Mr. Birch of the Federal Public Defender's Office and wanted new counsel. Judge Marra cited in his Order that Brayboy wanted to proceed to trial. As a result, the Office of the Federal Public Defender was allowed to withdraw and Edward Reagan was appointed as CJA counsel to represent Brayboy. Mr. Reagan then filed the motion to vacate and withdraw Brayboy's guilty plea.

11. Judge Marra's Order concluded that Brayboy had not proceeded on his motion in good faith. Judge Marra stated that "On each of the core issues upon which Defendant (Brayboy) relies for his motion, the Court finds his testimony to be false and misleading and advanced for the sole purpose of prevailing on his motion." It is not

necessary that this Court recite each and every reason for Judge Marra's decision. However, Judge Marra meticulously went through at least seven grounds alleged by Brayboy as deficiencies by counsel in relation to his entry of his guilty plea and found that the record did not support Brayboy's allegations and that Brayboy's own testimony was false.

12. This is important to this Court's review of Brayboy's affidavit alleging misconduct on the part of the government and witness Ferguson. Brayboy's affidavit does not explain why he waited to bring this information to the attention of the Defendant in this case nor does it set forth any reasons why Ferguson would open up to Brayboy and make such statements which could in fact, if found to be true, lead to criminal charges against Ferguson for perjury. Based upon the substance of Brayboy's affidavit taken in conjunction with Judge Marra's findings after an evidentiary hearing involving this same affiant, this Court finds that Brayboy has no credibility in respect to the assertions made in his affidavit.

13. It is not necessary for this Court to conduct an evidentiary hearing in this matter as Judge Moore referenced in his previous Orders. Where the evidence is sufficient to convict a defendant and the underlying facts supporting such conviction were essentially undisturbed by the allegations of new evidence in a motion for new trial, an evidentiary hearing is not necessary. It is left up to the discretion of the trial court. <u>United States v. Giraldo</u>, 352 Fed. Appx. 300 (11th Cir. 2009).

14. The Eleventh Circuit pointed out in its opinion that a motion for new trial alleging juror misconduct is considered to be a motion for new trial alleging discovery of new evidence. A defendant must establish (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was

not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result. United States v. Russell, 2010 WL 1731772 (11th Cir. 2010) and United States v. Abusaid, 279 Fed. Appx. 843 (11th Cir. 2008).

15. In respect to each of these motions for new trial before this Court, the only issues which remain unresolved by Judge Moore's previous Orders or the Eleventh Circuit's opinion relate to the purported relationship between juror Johnson and witness Williams, and Brayboy's allegation that witness Ferguson testified falsely against the Defendant at trial. Even if this Court gave the Defendant the benefit of the doubt that these particular issues were not discovered until after trial and that the Defendant had exercised due diligence in discovering this purported new evidence, this Court cannot find that the record justifies a finding that the evidence is material and would have resulted in an acquittal as to this Defendant.

16. The fact that juror Johnson may have known a witness in this case does not in and of itself indicate juror misconduct. The evidence appears to have been ample in support of the jury's verdict convicting the Defendant on the two counts involved. There is no specific evidence in either of these motions nor the affidavits which would suggest that juror Johnson's alleged friendship with witness Williams in any way influenced his verdict or the verdict of any of the other jurors. The motions are mere speculation in that regard.

17. In respect to the Brayboy affidavit, this Court has already referenced the lack of credibility that Brayboy brings to this Court. He is not to be believed. Even if this Court found that the Defendant had discovered this alleged evidence subsequent to trial and had

7

diligently pursued this matter concerning Brayboy's allegations against Ferguson, this Court cannot find that the allegations are supported by any credible evidence which would suggest that the evidence was material and would result in an acquittal for the Defendant. It is the obligation of the Defendant to establish by more than mere speculation that this evidence relating to witness Williams and witness Ferguson would have produced a different result in his case. He has not met his burden in that regard. United States v. Spellissy, 346 Fed. Appx. 446 (11th Cir. 2009).

18. As pointed out by the government in its response, the Defendant and witness Ferguson had firsthand dealings involving cocaine trafficking. This was not evidence that was concocted by the government or others and planted in Ferguson's mind. Further, according to the record, Ferguson's testimony was not the only evidence against the Defendant upon which the jury could rely in reaching their unanimous verdicts convicting the Defendant of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and possession with intent to distribute fifty grams or more of crack cocaine.

**ACCORDINGLY,** this Court recommends to the District Court that Defendant Cooper's Second Motion For New Trial [D.E. #322] be **DENIED** and Defendant Cooper's Third Motion For New Trial [D.E. #358] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 7th day of June, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
Michael D. Walsh, Esq.
AUSA Corey Steinberg
AUSA Carmen Lineberger